IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE IUPAT DISTRICT COUNCIL NO. 51 HEALTH & WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRANCIS LEE CONTRACTING, LLC, <br><br> Defendant. | Civil Action No. 24-cv-00044-LKG <br><br> Dated: June 18, 2025 |

## MEMORANDUM OPINION AND ORDER

On January 5, 2024, the Plaintiffs filed the complaint in the above-captioned civil action. ECF No. 1. On June 7, 2024, the Clerk entered an order of default, after the Defendant did not answer the complaint or otherwise defend this action after proper service of the complaint and summons. ECF No. 10. To date, the Defendant has not appeared in, or defended, this matter. On December 18, 2024, the Plaintiffs filed a motion for entry of default judgment against the Defendant. ECF No. 19. To date, the Defendant has not responded to that motion.

Fed. R. Civ. P. 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

In this case, the Plaintiffs request that the Court enter a default judgment against the Defendant, because the Defendant has "failed to plead or otherwise defend itself in this matter on a timely basis." ECF No. 19 at 1. But, the Plaintiffs have not presented any argument to the Court to explain why the factual allegations in the complaint, taken as true, show that they can prevail on their violation of ERISA §§ 502 and 515 and violation of LMRA § 301 claims in this case. ECF No. 19. Notably, the Plaintiffs present no argument in their motion for default judgment to explain why they have established a *prima facie* case to support their ERISA claims. *Harris v. Johns Hopkins Health Sys. Corp.*, No. CV ELH-23-701, 2023 WL 3624733, at *10 (D. Md. May 23, 2023). Nor have the plaintiffs explained why the factual allegations in the complaint, taken as true, show that they can prevail on their LMRA claim. *Uzoigwe v. Verizon Maryland LLC*, No. 1:23-CV-02572-JRR, 2025 WL 1370662, at *18 (D. Md. May 12, 2025).

Given this, the Plaintiffs have not shown that entry of default judgment is warranted in this case. Because the Plaintiffs may be able to address the concern and to make the required showing under Rule 55(a), the Court **DENIES** the Plaintiffs' motion for default judgment (ECF No. 19) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

2