**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| TRUSTEES OF THE IUPAT DISTRICT COUNCIL NO. 51 HEALTH & WELFARE FUND, *et al.*, | ) ) ) ) | Civil Action No. 8:24-cv-00044-LKG |
| Plaintiffs, | ) ) | Dated:  March 3, 2026 |
| v. | ) ) | |
| FRANCIS LEE CONTRACTING, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

On January 5, 2024, the Plaintiffs filed the complaint in the above-captioned civil action. ECF No. 1.  On June 7, 2024, the Clerk entered an order of default, after the Defendant did not answer the complaint, or otherwise defend this action, after proper service of the complaint and summons.  ECF No. 10.  To date, the Defendant has not appeared in, or defended, this matter.  On December 18, 2024, the Plaintiffs filed a motion for entry of default judgment against the Defendant.  ECF No. 19.  On June 18, 2025, the Court denied the Plaintiffs' motion for default judgment without prejudice.  ECF No. 20.  On June 27, 2025, the Plaintiffs' filed a second motion for default judgment against the Defendant.  ECF No. 21. To date, the Defendant has not responded to that motion.

Fed. R. Civ. P. 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context.  *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).  And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment.  *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972,

at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

In this case, the Plaintiffs request that the Court enter default judgment against the Defendant, because the Defendant has "failed to plead or otherwise defend itself in this matter on a timely basis." ECF No. 21 at 1. And so, the Plaintiffs request that this Court enter judgment against the Defendant in the amount of $7,203.96, plus post judgment interest and costs of collection. *Id.* at 4. But, the Plaintiffs fail to present any argument explaining how they arrived at the requested amount of $7,203.96 in damages. *Id.* at 1–4. Rather, the Plaintiffs state that a September 2022 report attached to their motion establishes that the Defendant owed them $2,465.84. *Id.* at 2. The Plaintiffs also cites to the affidavit of Michael Melick, and state that, "[a]s attested to in Plaintiffs' Affidavit in Support of Motion for Clerk's Entry of Default, the amount of damages, not including post-judgment interest and cost of collection, totals $7,203.96." *Id.* at 4. Mr. Melick states in his affidavit that "[o]n January 5, 2024, Plaintiffs filed the Complaint in this matter against Defendant, seeking $6,064.96 for Defendant's failure to make contributions to the various Plaintiffs' health and welfare funds, as well as union dues, including statutory liquidated damages, costs, and attorney's fees as of that date." ECF No. 21-3 ¶ 5. But, Mr. Melick provides no explanation or evidence to show how he calculated the $6,064.96. *See id.* Nor does Mr. Melick apportion that amount of damages among the listed categories, or provide any supporting documentation to substantiate this calculation. *See id.* [1]

Given this, the Plaintiffs have not shown that entry of default judgment is warranted in this case. Because the Plaintiffs may be able to address the concerns above and make the required

---

[1] *See e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. DeJean Constr. Co., Inc.*, No. 24-CV-3669-ABA, 2025 WL 2978424, at *2 (D. Md. Oct. 22, 2025) (discussing how the Court assessed damages based on the evidence presented in its motion for default judgment); *Trs. of Iron Workers Loc. Union No. 5 v. Miracle Steel, Inc.*, No. 8:24-CV-02089-PX, 2025 WL 2084988, at *3 (D. Md. July 24, 2025) (assessing damages based on a calculation of damages made by the Plaintiff); *see also Trs. of Plumbers & Gasfitters Loc. 5 Ret. Sav. Fund v. Magothy Mech. LLC*, No. CV TDC-25-01249, 2025 WL 3711726, at *6 (D. Md. Dec. 22, 2025), *report and recommendation adopted sub nom. TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL 5 RETIREMENT SAVINGS FUND, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS APPRENTICESHIP FUND, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS VACATION FUND, TRUSTEES OF THE COMMUNICATION AND PRODUCTIVITY FUND, TRUSTEES OF THE INDUSTRY PROMOTION FUND, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS MEDICAL FUND, TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND & PLUMBERS LOCAL UNION NO. 5, Plaintiffs, v. MAGOTHY MECHANICAL LLC, Defendant.*, No. CV 25-1249-TDC, 2026 WL 473981 (D. Md. Jan. 9, 2026).

2

showing under Rule 55(a), the Court **DENIES** the Plaintiffs' second motion for default judgment (ECF No. 21) **WITHOUT PREJUDICE**. The Plaintiff shall file a renewed motion for default judgment along with any support of these damages calculated,  in or before April 3, 2026.

      **IT IS SO ORDERED.**


                s/ Lydia Kay Griggsby
                LYDIA KAY GRIGGSBY
                United States District Judge